**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1101020846 |
| | ) | |
| DERRICK SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SUMMARILY DISMISSING DEFENDANT'S MOTION
FOR POSTCONVICTION RELIEF**

This 25th day of February, 2022, upon consideration of Defendant's Motion for Postconviction Relief (the "Fourth Rule 61 Motion") filed by Derrick Smith on January 26, 2022; Rule 61 of the Superior Court Criminal Rules ("Criminal Rule 61") the facts and legal authorities set forth in the Fourth Rule 61 Motion; and the entire record in this case:

## I.    BACKGROUND

1.      On March 14, 2011, the State of Delaware indicted Mr. Smith on charges of Attempted Murder First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), Possession of a Firearm by a Person Prohibited, Resisting Arrest, and Possession of Marijuana. Mr. Smith pled guilty to the lesser-included offenses of Attempted Assault First Degree and PFDCF on July 14, 2011. As part of the plea, the State entered a *nolle prosequi* on the remaining charges. On September 30, 2011, the Court sentenced Mr. Smith to twenty-five years at Level V on the PFDCF and twenty-five years at Level V on the Attempted Assault First, suspended after five years at Level V.

2.      Mr. Smith appealed his sentence and raised four issues on appeal. The first two issues asserted that his sentence was excessive. The third issue involved ineffective assistance of counsel, not cognizable on direct appeal. The fourth issue involved *Miranda* warnings, which

1

were deemed waived. The Delaware Supreme Court affirmed the sentence and conviction and filed its Mandate on April 30, 2011.

## A. Mr. Smith's First Rule 61 Motion

3. Mr. Smith filed his first motion for postconviction relief (the "First Rule 61 Motion"), *pro se*, on September 10, 2012. In the First Rule 61 Motion, Mr. Smith sought to withdraw his guilty plea and/or obtain a reduction of his sentence, arguing that (i) his trial counsel provided ineffective assistance of counsel related to sentencing; (ii) his sentence constituted cruel and unusual punishment; and (iii) the Court abused its discretion when it sentenced Mr. Smith on September 30, 2011. The Court denied the First Rule 61 Motion on February 22, 2013.

4. Mr. Smith appealed the Court's decision on the First Rule 61 Motion. On May 24, 2013, the Supreme Court remanded the matter to this Court for further proceedings. This Court appointed counsel to represent Mr. Smith with respect to the First Rule 61 Motion on June 13, 2013. After additional briefing and a hearing, the Court granted, in part, and denied, in part, the First Rule 61 Motion. The Court found that Mr. Smith's ineffective assistance of counsel claim, as that claim applied to sentencing, was meritorious. The Court also found and determined that all of Mr. Smith's other claims lacked merit or had been previously adjudicated.

5. On August 28, 2013, the Court vacated the September 11, 2011 sentencing order as it related to the charge of Attempted Assault First. The Court then resentenced Mr. Smith on his Attempted Assault First charge on September 27, 2013. Mr. Smith appealed the decision and sentencing of the Court to the Supreme Court. The Supreme Court affirmed the decision and sentence of the Court and filed its Mandate on April 3, 2014.[1]

---

[1] Since appealing the Court's sentence, Mr. Smith has filed a series of motions under Rule 35 of the Superior Court Criminal Rules seeking reduction or correction of his sentence. The Court has denied each of these motions, the

**B. Mr. Smith's Second Rule 61 Motion**

6. On April 29, 2015, Mr. Smith filed a second motion for postconviction relief (the "Second Rule 61 Motion"). In the Second Rule 61 Motion, Mr. Smith asserted one ground for relief. Mr. Smith argued that his trial counsel provided ineffective assistance of counsel because trial counsel failed to thoroughly investigate all the evidence and mitigating factors for sentencing. On June 18, 2015 the Court summarily dismissed the Second Rule 61 Motion as procedurally barred.

**C. Mr. Smith's Third Rule 61 Motion**

7. Mr. Smith then filed the Third Rule 61 Motion on November 28, 2016. Concurrently with the Third Rule 61 Motion, Mr. Smith filed a Motion for Appointment of Counsel. The State did not file a response to the Third Rule 61 Motion.[2] The Court denied the Motion for Appointment of Counsel for failure to demonstrate cause for the relief sought on December 5, 2016.[3] In the Third Rule 61 Motion, Mr. Smith asserted two grounds for relief. First, Mr. Smith argued that his sentence is unconstitutional because, under *Miller v. Alabama*[4] and *Montgomery v. Louisiana*[5], his "youthful offender status was not appropriately considered at the time of sentencing."[6] Second, Mr. Smith asserted that his trial counsel provided ineffective assistance of counsel because trial counsel did not present mitigating factors, including his age, for sentencing. The Court summarily dismissed the Third Rule 61 Motion as procedurally barred.

---

most recent one on May 31, 2016.

[2] Because the Court is summarily dismissing the Third Rule 61 Motion, the Court did not require the State to file a response. *See* Super. Ct. Crim. R. 61(c)(4); 61(f)(1).

[3] *See* Super. Ct. Crim. R. 61(e)(4) ("For an indigent movant's second or subsequent postconviction motion, the judge may appoint counsel for an indigent movant only if the judge determines that the second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.").

[4] 132 S.Ct. 2455 (2012).

[5] 132 S.Ct. 718 (2016).

[6] Def.'s Mot. p. 1.

8.      On January 26, 2022, Mr. Smith filed the present Motion for Postconviction Relief (the "Fourth Motion"). In the Fourth Motion, Mr. Smith argues that he is entitled to postconviction relief because he has "new information" that demonstrates "actual innocence."[7] Mr. Smith contends that the decision in *Purnell v. State*[8] compels the Court to apply a new standard for "new information/actual innocence." Mr. Smith then seems to claim that the ineffectiveness of his counsel along with this new standard means the Fourth Rule 61 Motion is not procedurally barred. Mr. Smith also asks that the Court appoint him counsel.[9]

## II.    DISCUSSION

9.      Criminal Rule 61 governs motions for postconviction relief. Before addressing the substantive merits of any claim for postconviction relief, the Court must first determine whether a defendant has satisfied the procedural requirements of Criminal Rule 61.[10]

10.      Criminal Rule 61 establishes four procedural bars to postconviction relief.[11] Criminal Rule 61(i)(1) provides that a motion for postconviction relief must be filed within one year of a final judgment of conviction.[12] Under Criminal Rule 61(i)(2), successive motions are barred unless the motion satisfies the pleading requirements of Criminal Rule 61(d)(2)(i) or (d)(2)(ii).[13] Criminal Rule 61(i)(3) bars consideration of any claim not asserted in the proceedings leading up to the judgment of conviction unless the movant can show "cause for relief from the procedural default" and "prejudice from violation of movant's rights."[14] Criminal

---

[7] Fourth Mot. at 8.
[8] __ A.3d __, 2021 WL 2470511 (Del. 2021).
[9] Mr. Smith relies on Criminal Rule 61(e)(2)(i). Mr. Smith contends that, because he has been convicted of a Class B felony, he is entitled to counsel. Mr. Smith, however, fails to mention the Court has previously provided him with counsel in connection with the First Rule 61 Motion. Accordingly, Criminal Rule 61(e)(5) and not (e)(2) applies. Super. Ct. Crim. R. 61(e)(5).
[10] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[11] Super. Ct. Crim. R. 61(i)(1)-(4).
[12] Super. Ct. Crim. R. 61(i)(1).
[13] Super. Ct. Crim. R. 61(i)(2).
[14] Super. Ct. Crim. R. 61(i)(3).

4

Rule 61(i)(4) provides that "any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[15]

11.     The procedural bars contained in Criminal Rule 61(i)(1-4) may be rescinded only if there is a means by which to do so in the applicable subsection of Criminal Rule 61.[16]  Absent such relief, Criminal Rule 61(i)(5) provides additional reprieve from the procedural bars described in Criminal Rule 61(i)(1-4).[17]  Under Criminal Rule 61(i)(5), "[t]he bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[18]  Criminal Rule 61(d)(2) provides:

> (2) *Second or subsequent postconviction motions*.  A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:
>
> (i)     pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
>
> (ii)    pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[19]

12.     The Fourth Rule 61 Motion is procedurally barred by Rule 61(i)(1) as untimely. Mr. Smith filed the Fourth Rule 61 Motion almost eight years after his final judgment of conviction.  Rule 61(i)(2) also bars Mr. Smith's motion because this is his fourth Motion for Postconviction Relief.

---

[15] Super. Ct. Crim. R. 61(i)(4).
[16] *State v. MacDonald,* No. 90010077, 2007 WL 1378332, at *4 (Del. Super. May 9, 2007).
[17] *Id.*
[18] Super. Ct. Crim. R. 61(i)(5).
[19] Super. Ct. Crim. R. 61(d)(2).

5

13. Mr. Smith tries to avail himself of Criminal Rule 61(d)(2), contending he has new evidence that demonstrates actual innocence. The Court notes a major problem with Mr. Smith situation. Mr. Smith was not convicted after a trial. Mr. Smith plead guilty. That alone ends the inquiry as to Criminal Rule 61(d)(2).[20]

14. Second, Mr. Smith does not present any new evidence. Instead, Mr. Smith tries to argue that his trial counsel was ineffective because counsel did not (i) obtain DNA evidence; and (ii) present credibility evidence regarding Carl Rone. Because there was no trial, the State did not present DNA evidence and Mr. Rone did not testify. Mr. Smith does not offer DNA evidence that demonstrates actual innocence. In addition, Mr. Smith does not provide that Mr. Rone somehow mislead anyone with ballistics reports or alike. Mr. Smith seems to argue that his points go to the voluntariness of his plea, but Mr. Smith has already litigated that issue either on appeal or in previous motions.

15. Mr. Smith was not convicted after a trial. Moreover, Mr. Smith has not presented new evidence that creates a strong inference of his actual innocence. The Court also observes that Mr. Smith does not rely on any new rule of constitutional law that would invalidate his conviction. The Fourth Rule 61 Motion is procedurally barred, and Criminal Rule 61(i)(5) does not apply.

---

[20] *See State v. Whittle*, 2017 WL 2894789, at *2 (Del. Super. July 6, 2017).

### III.  CONCLUSION

Accordingly, for the reasons set forth above, Mr. Smith's Fourth Rule 61 Motion is

**SUMMARILY DISMISSED**, as it plainly appears from the Fourth Motion and the record that

Mr. Smith is not entitled to relief.  The Court also **DENIES** Mr. Smith's motion for appointment

of counsel.  The Fourth Rule 61 Motion does not qualify for relief under Criminal Rule 61(e)(5).


*/s/ Eric M. Davis*
**Eric M. Davis, Judge**

cc:    Original to Prothonotary:
        Derrick Smith (SBI #575577)
        Matthew Frawley, Esq.